220 N.J. Super. 338 (1987)
532 A.2d 254
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
K.M., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 27, 1987.
Decided July 6, 1987.
Before Judges ANTELL and D'ANNUNZIO.
Herbert H. Tate, Jr., Essex County Prosecutor, attorney for appellant (Fred Gerson, Assistant Prosecutor, on the letter brief).
Nathan H. Sisselman, attorney for respondent (Barry D. Maurer, of counsel and on the brief).
The opinion of the court was delivered by D'ANNUNZIO, J.S.C. (temporarily assigned).
*339 Respondent was found not guilty in municipal court of the charge of tampering with a motor vehicle in violation of N.J.S.A. 39:4-49. Respondent's application to the Superior Court for expungement of the record of this charge pursuant to N.J.S.A. 2C:52-1 et seq. was granted despite the State's objection that Title 39 offenses are not subject to expungement. The State appeals and we reverse.
In arguing the case before the trial court, both parties focused on N.J.S.A. 2C:52-28 which provides that "[n]othing contained in this chapter shall apply to arrests or conviction for motor vehicle offenses contained in Title 39." Whether the phrase "motor vehicle offenses" was merely descriptive of Title 39 or whether it expressed a legislative intent to limit the effect of N.J.S.A. 2C:52-28 to some but not all Title 39 offenses is an ambiguity which must be resolved.
We are assisted in resolving this ambiguity by considering the purpose and scheme of the expungement chapter. Expungement is defined as the extraction and isolation of all records "of an offense within the criminal justice system." N.J.S.A. 2C:52-1. The chapter authorizes expungement of convictions of crimes (N.J.S.A. 2C:52-2), disorderly persons offenses and petty disorderly persons offenses (N.J.S.A. 2C:52-3) and ordinance violations (N.J.S.A. 2C:52-4), as well as adjudications of juvenile delinquency (N.J.S.A. 2C:52-4.1) and convictions of certain drug offenses (N.J.S.A. 2C:52-5). The expungement section under which respondent's application was made is N.J.S.A. 2C:52-6 which provides for expungement of the records of arrests not resulting in convictions. That section is very specific regarding the matters to which it applies. It applies to "a crime, disorderly persons offense, petty disorderly persons offense or municipal ordinance violation...."
The violations described in Title 39 do not fall within the specific categories covered by the expungement chapter. The fact that the penalty for violating N.J.S.A. 39:4-49 includes *340 imprisonment for not more than 30 days does not render a violation of that section a petty disorderly persons offense. N.J.S.A. 2C:1-4b provides that "[a]n offense is a petty disorderly persons offense if it is so designated in this code or in a statute other than this code." N.J.S.A. 39:4-49 is not designated as a petty disorderly persons offense.
The purpose of expungement is to eradicate the stigma of a record of an arrest and prosecution. State v. R.E.C., 181 N.J. Super. 79, 84 (Law Div. 1981). Generally, Title 39 violations do not carry the same stigma as the offenses specified in the expungement statute. Cf. State v. Van Landuyt, 157 N.J. Super. 469 (App.Div. 1978) (conviction for operating motor vehicle without owner's permission in violation of N.J.S.A. 39:4-48 did not preclude criminal prosecution for auto theft). Moreover, the Legislature in removing Title 39 violations from the expungement statute must have been aware of the great number of such violations which are processed each year and may have decided not to burden the courts with their expungement. Our construction of N.J.S.A. 2C:52-28 harmonizes the various sections of the expungement chapter and considers it as a whole by giving effect to all its provisions. See State v. Green, 62 N.J. 547, 554-555 (1973).
Reversed.