768 A.2d 1051

GNOC, CORP. T/A THE GRAND, PLAINTIFF–APPELLANT,
v. DIRECTOR, DIVISION OF TAXATION,
DEFENDANT–RESPONDENT.

Argued February 14, 2001—Decided April 3, 2001.

*Janyce M. Wilson*, argued the cause for appellant, (*Graham, Curtin & Sheridan*, attorneys; *Ms. Wilson* and *Kent L. Schwarz*, on the briefs).

*Marlene G. Brown*, Deputy Attorney General, argued the cause for respondent, (*John J. Farmer, Jr.*, Attorney General of New Jersey, attorney; *Mary C. Jacobson*, Former Assistant Attorney General, of counsel).

*John K. Antholis*, submitted a brief on behalf of *amici curiae*, Resorts International Hotel, Inc. and Great Bay Hotel and Casino t/a Sands Hotel and Casino, (*Antholis & Courtney*, attorneys; *Mr. Antholis* and *Mark G. Yates*, on the brief).

PER CURIAM.

We affirm the judgment of the Appellate Division substantially for the reasons set forth in Judge Braithwaite's comprehensive and well-reasoned opinion. *GNOC Corp. t/a The Grand v. Director, Div. of Taxation*, 328 *N.J.Super.* 467, 746 *A.*2d 466 (App. Div.2000). We write separately only to elaborate on the analytical basis for our conclusion that GNOC was liable for sales taxes on the alcoholic beverages it purchased from wholesalers under sale-for-resale certificates and then provided to patrons on a complimentary basis.

In support of that conclusion, we rely, as does the Director of the Division of Taxation, on *N.J.S.A.* 54:32B–2(e), which defines "retail sales," in pertinent part, as follows:

> (1) A sale of tangible personal property to any person for any purpose, other than (A) for resale either as such or as converted into or as a component part of a product produced for sale by the purchaser. . . .

Because we agree with the Appellate Division's determination that the complimentary provision of alcoholic beverages to casino patrons " 'is a transfer for no consideration, or at least for legally insufficient consideration, and does not constitute a "resale" of the beverages,' " *GNOC, supra,* 328 *N.J.Super.* at 480, 746 *A.*2d 466 (quoting *Boardwalk Regency v. Director of Taxation,* 17 *N.J.Tax* 331, 342–43 (1998)), then to the extent that GNOC purchased alcoholic beverages from wholesalers to be provided on a complimentary basis to casino patrons, that transaction constituted a retail sale and not a sale for resale under section 2(e) of the Sales and Use Tax Act, and was thereby subject to sales tax pursuant to section 3 of that Act.

■ GNOC's response, however, is that even assuming without conceding that the sale by wholesalers to casinos of alcoholic beverages to be provided without cost to patrons is not a sale for resale, that transaction nevertheless is exempt from sales tax pursuant to *N.J.S.A.* 54:32B–8.2, which provides in part as follows:

Receipts from the following are exempt from the tax imposed under the Sales and Use Tax Act: sales of food, food products, beverages, dietary foods and health supplements, sold for human consumption off the premises where sold.

GNOC contends that sales to it by wholesalers, if not for resale, constitute "sales of ... beverages ... for human consumption off the premises where sold" and accordingly are exempt from the sales tax. We reject GNOC's contention, but our explanation of that rejection is necessarily complex.

Prior to the enactment in July 1980 of a statute that exempted from the sales tax "all sales at retail of alcoholic beverages," see *N.J.S.A.* 54:32B–8.34, and during the period when retail sales of alcoholic beverages were subject to sales tax pursuant to *N.J.S.A.* 54:32B–3, section 8.2, on which GNOC relies, *excluded alcoholic beverages* from the food products that were exempted from the sales and use tax. That exclusion, which originally was enacted in 1960, read in part as follows: "Receipts from the following are exempt from the tax imposed under the Sales and Use Tax Act: sales of food, food products, *beverages except alcoholic beverages* ... dietary foods and health supplements, sold for human con-

sumption off the premises when sold...." *L.* 1960, *c.* 30 (emphasis added).

Effective July 1, 1980, the Legislature enacted *N.J.S.A.* 54:32B-8.34, *L.* 1980, *c.* 107, which exempted sales at retail of alcoholic beverages from the sales and use tax. Simultaneously, the Legislature deleted the exclusion for alcoholic beverages from the food products exempted from the sales and use tax pursuant to *N.J.S.A.* 54:32B-8.2. *L.* 1980, *c.* 107. At the same time, *L.* 1980, *c.* 62, the Alcoholic Beverage Wholesale Sales Tax Act was enacted, which imposed a tax on "the receipts from every sale of alcoholic beverages ... by any wholesaler to any retail licensee." *N.J.S.A.* 54:32C-3. Those enactments had the effect of exempting alcoholic beverages from the sales and use tax but subjecting them to tax when the alcoholic beverages were purchased from a wholesaler.

Effective July 1, 1990, the Legislature repealed the exemption for "sales at retail of alcoholic beverages" codified at *N.J.S.A.* 54:32B-8.34, *L.* 1990, *c.* 40, and simultaneously repealed the Alcoholic Beverage Wholesale Tax Act. *L.* 1990, *c.* 41. However, the Legislature failed to re-enact the exclusion of alcoholic beverages, repealed in 1980, from the provision exempting from the sales and use tax "beverages ... sold for human consumption off the premises where sold...." *N.J.S.A.* 54:32B-8.2. Accordingly, GNOC argues that notwithstanding the Legislature's repeal in 1990 of the specific alcoholic beverage exemption from the sales and use tax previously codified at *N.J.S.A.* 54:32B-8.34, the Legislature's failure to re-enact the alcoholic beverages exclusion from the general exemption for food products and beverages sold for consumption off premises demonstrated a legislative purpose to continue the exemption of alcoholic beverages from the sales and use tax. In our view, the statutory construction argument advanced by GNOC is unpersuasive.

The Assembly Appropriations Committee Statement to Assembly Bill No. 3610, *L.* 1990, *c.* 40, provided in pertinent part as follows:

The following products and services are made subject to taxation under the sales and use tax:

. . .

(4) Alcoholic beverages (on and off premises).

[Assembly Appropriations Committee Statement, Assembly Bill No. 3610, L. 1990, c. 40.]

Section 11 of that statute expressly repealed *N.J.S.A.* 54:32B–8.34, the section of the Sales and Use Tax Act that, between 1980 and 1990, had exempted alcoholic beverages from the Sales and Use Tax Act.

Further evidence of the Legislature's intent to tax alcoholic beverages is revealed by section 10 of Assembly Bill No. 3610, which exempted all receipts of retail sales, *except those from sales of alcoholic beverages,* cigarettes, and motor vehicles, made by vendors located in a designated enterprise zone, established pursuant to the New Jersey Urban Enterprise Zones Act, *L.* 1983, *c.* 303, from fifty percent of the tax imposed under the Sales and Use Tax Act.

We are thoroughly convinced that, notwithstanding its inadvertence in omitting to reenact the alcoholic beverages exclusion from the Sales and Use Tax Act exemption for food and beverages in section 8.2, the Legislature clearly intended in 1990 to again subject alcoholic beverages to the Sales and Use Tax Act. It demonstrated that intention by the Assembly Appropriations Committee's clear and unequivocal statement to that effect, by expressly repealing the section 8.34 exemption for alcoholic beverages that it enacted in 1980, and by excluding alcoholic beverages from the benefit of the fifty percent sales and use tax exemption afforded to retailers in urban enterprise zones. In our view, the evidence of the Legislature's intention in 1990 to subject alcoholic beverages to the Sales and Use Tax Act is clear and incontrovertible.

As modified, we affirm the judgment of the Appellate Division.

For affirmance—Chief Justice PORITZ and Justices STEIN, COLEMAN, LONG, VERNIERO, LaVECCHIA, ZAZZALI—7.

*Opposed*–None.