842 A.2d 849

IN RE PETITION FOR EXPUNGEMENT OF
W.S., PETITIONER–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 21, 2003—Decided February 25, 2004.

Before Judges SKILLMAN, COBURN and WELLS.

*John G. Laky,* Warren County Prosecutor, attorney for appellant, State of New Jersey (*Leeann Cunningham,* Assistant Prosecutor, of counsel and on the brief).

No brief was filed by respondent.

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

The issue presented by this appeal is whether the prohibition against expungement of convictions under *N.J.S.A.* 2C:14–2 is limited to convictions for aggravated sexual assault because the parenthetical following the citation to *N.J.S.A.* 2C:14–2 in *N.J.S.A.* 2C:52–2(b) refers solely to "aggravated sexual assault" and not to "sexual assault." We conclude that this parenthetical reference to "aggravated sexual assault" is descriptive only, and that *N.J.S.A.* 2C:52–2(b) prohibits expungement of any conviction under *N.J.S.A.* 2C:14–2.

When he was a juvenile, petitioner was found guilty of committing an act of delinquency which, if committed by an adult, would have constituted sexual assault, in violation of *N.J.S.A.* 2C:14–2. More than fifteen years later, petitioner filed a petition for expungement of this adjudication of delinquency. The State opposed the petition on the ground that sexual assault is an offense that is not subject to expungement.

The trial court concluded in a brief oral opinion that even though *N.J.S.A.* 2C:52–2(b) prohibits expungement of a conviction for a violation of *N.J.S.A.* 2C:14–2, and sexual assault is one of the

offenses proscribed by *N.J.S.A.* 2C:14–2, a conviction for sexual assault is subject to expungement because the parenthetical following the citation to *N.J.S.A.* 2C:14–2 in *N.J.S.A.* 2C:52–2(b) refers solely to "aggravated sexual assault" and not to "sexual assault." Accordingly, the court granted the petition.

*N.J.S.A.* 2C:52–2(a) provides that àny person who has been convicted of a crime, other than a crime barred from expungement by *N.J.S.A.* 2C:52–2(b), and who has not been convicted of any prior or subsequent crime or more than two disorderly or petty disorderly persons offenses, may petition for expungement of the conviction after the passage of ten years from the date of conviction, payment of fine, satisfactory completion of probation or parole, or release from incarceration, whichever is later. Petitions for expungement of adjudications of juvenile delinquency are governed by substantially the same rules that govern expungements of convictions for adult offenses. See *N.J.S.A.* 2C:52–4.1. Consistent with this general approach, *N.J.S.A.* 2C:52–4.1(b)(3) prohibits expungement of a record of delinquency of a juvenile who has been adjudicated delinquent on the basis of an act which, if committed by an adult, would constitute a crime that is not subject to expungement under *N.J.S.A.* 2C:52–2.

*N.J.S.A.* 2C:52–2(b) sets forth the offenses proscribed by the Code of Criminal Justice which are not subject to expungement:

Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: Section 2C:11–1 et seq. (Criminal Homicide), except death by auto as specified in section 2C:11–5; section 2C:13–1 (Kidnapping); section 2C:13–6 (Luring or Enticing); section 2C:14–2 (Aggravated Sexual Assault); section 2C:14–3a (Aggravated Criminal Sexual Contact); if the victim is a minor, section 2C:14–3b (Criminal Sexual Contact); if the victim is a minor and the offender is not the parent of the victim, section 2C:13–2 (Criminal Restraint) or section 2C:13–3 (False Imprisonment); section 2C:15–1 (Robbery); section 2C:17–1 (Arson and Related Offenses); section 2C:24–4a. (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child); section 2C:24–4b(4) (Endangering the welfare of a child); section 2C:28–1 (Perjury); section 2C:28–2 (False Swearing) and conspiracies or attempts to commit such crimes.

Records of conviction for any crime committed by a person holding any public office, position or employment, elective or appointive, under the government of this State or any agency or political subdivision thereof and any conspiracy or attempt

to commit such a crime shall not be subject to expungement if the crime involved or touched such office, position or employment.

■ The question presented by this appeal is whether the parenthetical reference to "aggravated sexual assault" following "section 2C:14–2" in *N.J.S.A.* 2C:52–2(b) limits the violations of *N.J.S.A.* 2C:14–2 that are not subject to expungement to aggravated sexual assaults or is simply an incomplete description of the offenses proscribed by *N.J.S.A.* 2C:14–2.

■ In construing any statute, a court's "overriding goal must be to determine the Legislature's intent." *Hubbard v. Reed,* 168 *N.J.* 387, 392, 774 *A.*2d 495 (2001) (quoting *State, Dep't of Law & Pub. Safety v. Gonzalez,* 142 *N.J.* 618, 627, 667 *A.*2d 684 (1995)). Consequently, "statutes are to be read sensibly rather than literally[.]" *Schierstead v. City of Brigantine,* 29 *N.J.* 220, 230, 148 *A.*2d 591 (1959). "[T]o that end, 'words used may be expanded or limited according to the manifest reason and obvious purpose of the law.'" *New Capitol Bar & Grill Corp. v. Div. of Employment Sec.,* 25 *N.J.* 155, 160, 135 *A.*2d 465 (1957) (quoting *Alexander v. New Jersey Power & Light Co.,* 21 *N.J.* 373, 378, 122 *A.*2d 339 (1956)). "[W]ords inadvertently or mistakenly used ... will be wholly disregarded ... in order to effectuate the legislative intent." *County of Monmouth v. Wissell,* 68 *N.J.* 35, 44, 342 *A.*2d 199 (1975) (quoting 82 *C.J.S. Statutes,* § 343 at 687–88 (1953)). In fact, in order to effectuate the obvious legislative intent, a court may read a provision into a statute that the Legislature inadvertently omitted. *See GNOC v. Dir., Div. of Taxation,* 167 *N.J.* 62, 65–66, 768 *A.*2d 1051 (2001).

It is evident from an examination of the other offenses that *N.J.S.A.* 2C:52–2(b) prohibits from expungement that the Legislature intended to prohibit expungement of convictions for serious violent crimes, regardless of the degree of the offense. Thus, *N.J.S.A.* 2C:52–2(b) prohibits expungement of a conviction under "[s]ection 2C:11–1 et seq. (Criminal Homicide)," thereby prohibiting expungement of any conviction not only for murder and aggravated manslaughter but also the second-degree offenses of

passion provocation manslaughter and reckless manslaughter. *N.J.S.A.* 2C:11–4(b),(c). Similarly, *N.J.S.A.* 2C:52–2(b) prohibits expungement of any conviction under "section 2C:13–1 (Kidnapping)" or "section 2C:15–1 (Robbery)," without distinguishing between first- and second-degree kidnapping or robbery. *N.J.S.A.* 2C:52–2(b) also prohibits expungement of convictions under "section 2C:17–1 (Arson and Related Offenses)," which includes not only second-degree aggravated arson but also third-degree arson and the fourth-degree offense of failure to control or report a dangerous fire. *N.J.S.A.* 2C:17–1(b),(c). Most significantly, when the Legislature intended to exclude a lesser degree of one of these enumerated offenses from the prohibition against expungement, it directly expressed that intent by specifically "except[ing] death by auto as specified in section 2C:11–5" from the prohibition against expungement. In sum, subject to one limited, specifically stated exception, *N.J.S.A.* 2C:52–2(b) prohibits the expungement of any conviction for homicide, kidnapping, robbery or arson.

Similarly, *N.J.S.A.* 2C:52–2(b) prohibits expungement of any conviction under "section 2C:14–2," without distinguishing between the different degree offenses proscribed by this section. It is only the parenthetical reference to "aggravated sexual assault" following the statutory citation to "section 2C:14–2" that gives rise to any question regarding the scope of the prohibition against expungement of convictions for sexual assault. Under *N.J.S.A.* 2C:14–2, the term "aggravated sexual assault" refers solely to the first-degree offense; the term "sexual assault" is used to refer to the second-degree offense. However, since *N.J.S.A.* 2C:52–2(b) does not distinguish between the degrees of any of the other offenses that are prohibited from expungement, there is no reason to construe the parenthetical reference to "aggravated sexual assault" as an expression of a legislative intent to limit the prohibition against expungement of convictions "under section 2C:14–2" to first-degree offenses. Therefore, we conclude that the Legislature's characterization of the offense proscribed by *N.J.S.A.* 2C:14–2 as "aggravated sexual assault" is simply an incomplete and thus inaccurate description of this offense that

does not limit the scope of the prohibition against expungement. *See State v. K.M.,* 220 *N.J.Super.* 338, 339, 532 *A.*2d 254 (App.Div. 1987).

This conclusion is even clearer now than when *N.J.S.A.* 2C:52–2(b) was originally enacted. As part of the 1994 amendments to the Code of Criminal Justice, commonly referred to as Megan's Law, *L.* 1994, *c.* 133, see *Doe v. Poritz,* 142 *N.J.* 1, 12–14, 662 *A.*2d 367 (1995), the Legislature expanded the list of offenses that are prohibited from expungement to include "section 2C:13–6 (Luring or Enticing); section 2C:14–3a (Aggravated Criminal Sexual Contact); if the victim is a minor, section 2C:14–3b (Criminal Sexual Contact); if the victim is a minor and the offender is not the parent of the victim, section 2C:13–2 (Criminal Restraint) or section 2C:13–3 (False Imprisonment); section 2C:24–4a (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child); [and] section 2C:24–4b(4) (Endangering the welfare of a child)." The majority of these now non-expungeable offenses are lesser degree offenses than sexual assault, which is a second-degree offense.[1] Moreover, many of these offenses could be lesser-included offenses of a charge of sexual assault, particularly if the alleged victim were a minor. In construing *N.J.S.A.* 2C:52–2(b), a court must "presume that the Legislature intended a logical and consistent application of [the] statute." *In re P.A.F.,* 176 *N.J.* 218, 222, 822 *A.*2d 572 (2003). Consistent with this presumption, we are unwilling to attribute to the Legislature the irrational intent to prohibit expungement of convictions for the various lesser sexually-related offenses added to *N.J.S.A.* 2C:52–2(b) in 1994 but to allow expungement of a conviction for the more serious offense of sexual assault.

---

[1] Only the forms of endangering the welfare of a child proscribed by *N.J.S.A.* 2C:24–4b(4) and by *N.J.S.A.* 2C:24–4a when the offender has the legal duty for, or has assumed responsibility for, the care of the child, are second-degree offenses

Therefore, we reverse the order expunging petitioner's adjudication of delinquency.