**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3910-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

L.P.,

    Defendant-Appellant.

_____

Argued December 19, 2019 – Decided  January 8, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Accusation No. 04-09-2050.

Emeka Nkwuo argued the cause for appellant (Lomurro Munson, Comer, Brown & Schottland LLC, attorneys; Christina Vassiliou Harvey, of counsel; Emeka Nkwuo, of counsel and on the brief).

Ian David Brater, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Ian David Brater, of counsel and on the brief).

PER CURIAM

L.P. appeals the denial of her expungement application. We affirm the denial because her conviction for child endangerment under N.J.S.A. 2C:24-4(a) is not subject to expungement. Also, the trial court did not abuse its discretion by denying the application under N.J.S.A. 2C:52-2(c)(3) as contrary to the public interest.

Petitioner was arrested in 2004 after she sold drugs, including ecstasy, to an undercover police officer on multiple occasions. A search of her apartment yielded drugs, a considerable quantity of cash and two handguns, one of which was hidden under the mattress of the bed used by her fourteen-year-old daughter. She was charged with multiple offenses under a twenty-eight count accusation. In 2004, petitioner pleaded guilty to third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(b)(9)(b);[1] two counts of third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). She was sentenced to three-years probation on each count, to be served concurrently, and to pay

---

[1] The judgment of conviction provides that the conviction was for possession of CDS in violation of N.J.S.A. 2C:35-10(a)(1), however, at the expungement hearing, both counsel indicated this was an error and that the conviction was for CDS distribution.

assessments and penalties. She successfully completed all court-ordered requirements and her case was closed.

Petitioner was arrested in 2012 for theft by unlawful taking, N.J.S.A. 2C:20-3(a). She pleaded guilty in 2013 to violation of a local ordinance for disorderly conduct. She was ordered to pay restitution to the victim, fines and costs.

Petitioner's request to expunge the 2004 and 2013 convictions was denied on May 9, 2019. The trial court rejected petitioner's argument that the legislature intended non-sexual conduct offenses under N.J.S.A. 2C:24-4(a) to be subject to expungement. Any conviction under subsection "a" was not expungeable under N.J.S.A. 2C:52-2(b) based on the plain language of the statute. The trial court found expungement of petitioner's convictions was not in the public interest. She was not a drug-addict but had "distributed narcotics for profit." She was selling ecstasy, which is a dangerous drug. Petitioner had drugs, cash and handguns. She endangered her child by storing the gun under her daughter's mattress.

On appeal, petitioner raises the following arguments:

POINT ONE

APPELLANT'S EXPUNG[E]MENT IS NOT PROHIBITED UNDER N.J.S.A. 2C: 52-2 (b).

POINT TWO

[L.P]'S EXPUNG[E]MENT SHOULD NOT BE BARRED BECAUSE N.J.S.A.2C:52-2(b) IS AMBIG[U]OUS AND THE RULE OF LENITY REQUIRES THAT AMBIG[U]OUS STATUTES MUST BE RULED IN FAVOR OF THE DEFENDANT.

POINT THREE

[L.P.]'S EXPUNGEMENT SHOULD BE GRANTED BECAUSE IT IS CONSISTENT WITH THE PUBLIC INTEREST.

"The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)).  We are not to "rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language."  O'Connell v. State, 171 N.J. 484, 488 (2002).  We cannot add qualifications the legislature did not include. DiProspero, 183 N.J. at 492 (citing Craster v. Bd. of Comm'rs, 9 N.J. 225, 230 (1952)).  We review this issue de novo because it raises an issue of statutory interpretation.  Beim v. Hulfish, 216 N.J. 484, 497 (2014).

The expungement statute[2] prohibits the expungement of certain convictions.

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: . . . ; <u>subsection a. of N.J.S.2C:24-4 (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child, or causing the child other harm)</u>; paragraph (4) of subsection b. of N.J.S. 2C:24-4 (Photographing or filming a child in a prohibited sexual act or for portrayal in a sexually suggestive manner); paragraph (3) of subsection b. of N.J.S.2C:24-4 (Causing or permitting a child to engage in a prohibited sexual act or the simulation of an act, or to be portrayed in a sexually suggestive manner); subparagraph (a) of paragraph (5) of subsection b. of N.J.S.2C:24-4 (Distributing, possessing with intent to distribute or using a file-sharing program to store items depicting the sexual exploitation or abuse of a child); subparagraph (b) of paragraph (5) of subsection b. of N.J.S.2C:24-4 (Possessing or viewing items depicting the sexual exploitation or abuse of a child); . . . .
>
> [N.J.S.A. 2C:52-2(b) (emphasis added).]

Petitioner's conviction under N.J.S.A. 2C:24-4(a) cannot be expunged under this statute. First, the expungement statute enumerates subsection "a" as one of the offenses that cannot be expunged. Next, the language in the parenthetical that follows the statutory citation includes conduct "causing the

---

[2] The expungement statute's recent amendment did not change the language relevant to this appeal. <u>See</u> <u>L.</u> 2019, <u>c.</u> 269.

child other harm" without making any reference in that phrase to sexual conduct. A court is not to "presume that the Legislature intended something other than what it expressed in plain words." In re Plan for Abolition of the Council on Affordable Hous., 214 N.J. 444, 468 (2013). Where there is no ambiguity in the language of a statute, as is the case here, "a court's task is complete." Ibid. Petitioner was convicted under N.J.S.A. 2C:24-4(a) and a conviction under that statute cannot be expunged.

Petitioner contends that reference in the parenthetical to "causing the child other harm" was limited to harm caused by sexual conduct. She argues the Legislature could have included abuse and neglect related harms if it intended to include them. In N.T., we recently explained:

> [t]he phrases "who engages in sexual conduct which would impair or debauch the morals of a child" and "who causes the child harm that would make the child an abused or neglected child" are separated by a comma and the word "or" indicates they are disjunctive and refer to a list of two distinct harms.
>
> [ State v. N.T., __ N.J. Super. __. (App. Div. 2019) (slip op. at 8).] [3]

---

[3] We are not bound by the opinion of another panel of the Appellate Division. See Brundage v. Estate of Carambio, 394 N.J. Super. 292, 298 n.4 (App. Div. 2007), rev'd on other grounds, 195 N.J. 575, 593 (2008).

Thus, we rejected petitioner's construction of the parenthetical that is was limited to harms arising from sexual conduct only.

Petitioner cites to the expungement statute prior to its 2016 amendment to support her argument that non-sexual child endangerment offenses are expungeable. In 2004, when petitioner pleaded guilty, and until 2016, the expungement statute provided:

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement . . . section 2C:24-4a. (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child)[.]
>
> [N.J.S.A. 2C:52-2(b) (1994).]

It did not include reference to "other harms." The language "causing the child other harm" was added in 2016. The committee statement accompanying the bill provided the purpose of the amendment was to "update, using the accepted current citation format, the statutory citations for the list of criminal convictions that are not subject to expungement; such updating does not add any additional crimes to this list[.]" Statement of the Senate Judiciary Comm. to A. 206, 471, 1663, 2879, 3060, and 3108 (May 7, 2015). Because the original parenthetical only referenced sexual conduct, petitioner argues the Legislature did not intend

to expand the list of prohibited crimes when it amended the statute in 2016 to add "other harm" that was not sexual in nature.

We rejected a similar argument in In re Expungement of W.S., 367 N.J. Super. 307, 312-13 (App. Div. 2004). W.S. concerned N.J.S.A. 2C:52-2(b)'s list of non-expungeable offenses, specifically a conviction under "section 2C:14-2 (Aggravated Sexual Assault). . . ." Id. at 310. The statute prohibited expungement under N.J.S.A. 2C:14-2 without making a distinction between different degrees of the offense. It was the parenthetical that followed the statutory citation that gave rise to the question about the scope of the statute's prohibition. The issue in W.S. was "whether the parenthetical reference to 'aggravated sexual assault' following 'section 2C:14–2' in N.J.S.A. 2C:52–2(b) limit[ed] the violations of N.J.S.A. 2C:14–2 that [were] not subject to expungement to aggravated sexual assaults or [was it] simply an incomplete description of the offenses proscribed by N.J.S.A. 2C:14–2." Id. at 311. In W.S., we held the parenthetical that followed the statutory citation was "simply an incomplete and thus inaccurate description of this offense that does not limit the scope of the prohibition against expungement." Id. at 312.

Here, the expungement statute unequivocally states that offenses under subsection "a" of N.J.S.A. 2C:24-4 cannot be expunged. In 2004, when

petitioner pleaded guilty, paragraph "a" of the child endangerment statute provided:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, <u>or who causes the child harm that would make the child an abused or neglected child as defined in R.S.9:6-1, R.S.9:6-3 and P.L.1974,</u> c. 119, s.1 (C.9:6-8.21) is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of [sixteen] is guilty of a crime of the third degree.
>
> [N.J.S.A. 2C:24-4(a) (2001) (emphasis added).]

At least since 1979, the statute has included reference in subsection "a" to "harm that would make the child an abused or neglected child." <u>L.</u> 1979, <u>c.</u> 178, §46. In 2013, the statute was amended. N.J.S.A. 2C:24-4(a)(1) now addresses "sexual conduct which would impair or debauch the morals of the child." N.J.S.A. 2C: 24-4(a)(2) addresses "harm that would make the child an abused or neglected child as defined in [specific sections of Title Nine]." Had the legislature intended to limit the expungement statute to sexual offenses only, it could have said so in the 2016 amendments because by then N.J.S.A. 2C:24-4(a) had been amended to create subsections (a)(1) and (a)(2). We observed in <u>N.T.</u> that "[t]he Legislature did not do so. We infer, through well-established law,

that the omission was intentional." N.T., __ N.J. Super. __ (slip op.at 9) (citing Ryan v. Renny, 203 N.J. 37, 58, (2010)).

We conclude the expungement statute's parenthetical prior to 2016 was not intended to limit the scope of the prohibition against expungement to sexual conduct only. To read the expungement statute otherwise would be to limit the legislature's inclusion of subsection "a" to just a portion of that statute, despite the Legislature's longstanding inclusion in N.J.S.A. 2C:24-4(a) of sexual and non-sexual offenses.

Petitioner argues the phrase "other harm" is not defined and the term abuse and neglect is not mentioned in the expungement parenthetical. She contends the doctrine of lenity should apply because, at best, the statute is ambiguous.

The doctrine of lenity "holds that when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant." State v. Gelman, 195 N.J. 475, 482 (2008). It "is founded on the long-standing and fundamental principle that a person facing a criminal charge is entitled to 'fair warning . . . of what the law intends to do if a certain line is passed.'" Id. at 482 (quoting United States v. Bass, 404 U.S. 336, 347-48 (1971) (citation omitted)).

Lenity does not apply in this case. The statute is not ambiguous as we have determined. Its plain language precludes expungement of a conviction under N.J.S.A. 2C:24-4(a). Also, "the expungement statute is a remedial, not a punitive statute." State v. T.P.M., 189 N.J. Super. 360, 367-68 (App. Div. 1983). It "relates to neither the form of sentence nor the extent of punishment." Id. at 368. As such, lenity, which applies in interpreting a criminal statute, does not apply in construing the expungement statute. See State v. Meinken, 10 N.J. 348, 352 (1952) (providing that remedial laws should be liberally construed and penal laws, strictly construed).

Under N.J.S.A. 2C:52-2(c), expungement "shall be denied" for a "conviction for the sale or distribution of controlled dangerous substance . . . ." One exception to this prohibition is for third or fourth-degree CDS offenses where "expungement is consistent with the public interest, giving due consideration to the nature of the offense and the petitioner's character and conduct since conviction." N.J.S.A. 2C:52-2(c)(3). A court is to "consider and balance" these factors. In re Kollman, 210 N.J. 557, 572 (2012) (citing N.J.S.A. 2C:52-2(c)(3)).

Petitioner contends expungement is consistent with the public interest and should have been granted. She submitted letters to the court attesting to her

A-3910-18T2

good character. But for the disorderly conduct conviction in 2013, she did not commit an offense in over fourteen years.

We discern no abuse of discretion by the trial court in denying petitioner's expungement request. Id. at 210 N.J. at 577 (providing trial court's balancing of competing factors is reviewed for abuse of discretion). Although petitioner submitted character letters, the trial court considered that petitioner distributed "highly dangerous" narcotics for profit to an undercover police officer on multiple occasions and kept the drugs in her home. At the time of her arrest, police located two handguns, one of which was found under the mattress of a bed used by her fourteen-year-old daughter. After her 2004 conviction, she pleaded guilty in 2013 to an offense that was downgraded to disorderly conduct. The court properly took all of this into consideration in determining that expungement was not in the public interest.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3910-18T2