**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0509-18T2

IN THE MATTER OF THE
EXPUNGEMENT APPLICATION
OF A.T.

_____

Argued October 10, 2019 – Decided January 8, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County.

Randolph H. Wolf argued the cause for appellant A.T. (Randolph H. Wolf, attorney; Robert W. Ruggieri, of counsel and on the brief; Randolph H. Wolf, on the briefs).

William Kyle Meighan, Senior Assistant Prosecutor, argued the cause for respondent State of New Jersey (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel J. Marzarella, Chief Appellate Attorney, of counsel; William Kyle Meighan, on the brief).

PER CURIAM

A.T. appeals the order denying expungement of his conviction for third

degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). In State v. N.T.,

\_\_\_ N.J. Super. \_\_\_ (App. Div. 2019) (slip op. at 7-10), we recently held that an offense under N.J.S.A. 2C:24-4(a)—even if nonsexual in nature—could not be expunged. Defendant's appeal raises the same legal issue raised in N.T. We find N.T.'s analysis is persuasive.[1] The plain language of the expungement statute, N.J.S.A. 2C:52-2(b), precludes expungement of a conviction under N.J.S.A. 2C:24-4(a). We affirm the trial court's August 27, 2018 order.

Petitioner was arrested in 2003 and charged with "luring, enticing a child by various means," N.J.S.A. 2C:13-6; aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2); endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and conspiracy to commit aggravated sexual assault, N.J.S.A. 2C:5-2. Petitioner pleaded guilty to the child endangerment count for serving alcohol to a minor and was sentenced to three years' probation, fines and penalties. The other charges were dismissed.

Petitioner also was arrested in 2003 for simple assault causing bodily injury, N.J.S.A. 2C:12-1(a)(1). Petitioner pleaded guilty to the amended charge of violating a borough ordinance and was fined.

---

[1] We are not bound by the opinion of another panel of the Appellate Division. See Brundage v. Estate of Carambio, 394 N.J. Super. 292, 298 n.4 (App. Div. 2007), rev'd on other grounds, 195 N.J. 575, 593 (2008).

A-0509-18T2

Petitioner filed a petition in 2017 to expunge both of these convictions. It was amended to include a guilty plea in 2007 to violation of a local loitering ordinance. The prosecutor opposed petitioner's expungement application, arguing the conviction for child endangerment under N.J.S.A. 2C:24-4(a) could not be expunged. The petition was denied on August 27, 2018, and later, under Rule 2:5-1(b), the court amplified its reasons.

On appeal, petitioner raises the following argument:

> THE COURT BELOW ERRED WHEN IT DENIED THE PETITION FOR EXPUNGEMENT. CONTRARY TO THE UNDERSTANDING OF THE COURT AND THE PROSECUTOR'S OFFICE, THE 2016 AMENDMENT TO N.J.S.A. 2C:52-2 DID NOT CHANGE THE PRIOR LAW, WHICH WAS THAT A NON-SEXUAL ENDANGERING THE WELFARE OF A MINOR WAS AN EXPUNGEABLE OFFENSE.

"The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citing Frugis v. Bracigliano, 177 N.J. 250, 280 (2003)). We are not to "rewrite a plainly-written enactment of the Legislature [or] presume that the Legislature intended something other than that expressed by way of the plain language." O'Connell v. State, 171 N.J. 484, 488 (2002). We cannot add qualifications the legislature did not include. DiProspero, 183 N.J. at 492 (citing Craster v. Bd. of Comm'rs, 9 N.J. 225, 230

3

(1952)).  We review this issue de novo because it raises an issue of statutory interpretation.  Beim v. Hulfish, 216 N.J. 484, 497 (2014).

The expungement statute[2] prohibits the expungement of certain convictions.

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement . . . subsection a. of N.J.S.2C:24-4 (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child, or causing the child other harm); paragraph (4) of subsection b. of N.J.S.2C:24-4 (Photographing or filming a child in a prohibited sexual act or for portrayal in a sexually suggestive manner); paragraph (3) of subsection b. of N.J.S.2C:24-4 (Causing or permitting a child to engage in a prohibited sexual act or the simulation of an act, or to be portrayed in a sexually suggestive manner); subparagraph (a) of paragraph (5) of subsection b. of N.J.S.2C:24-4 (Distributing, possessing with intent to distribute or using a file-sharing program to store items depicting the sexual exploitation or abuse of a child); subparagraph (b) of paragraph (5) of subsection b. of N.J.S.2C:24-4 (Possessing or viewing items depicting the sexual exploitation or abuse of a child) . . . .
>
> [N.J.S.A. 2C:52-2(b) (emphasis added).]

Petitioner's conviction under N.J.S.A. 2C:24-4(a) cannot be expunged under this statute.  First, the expungement statute enumerates subsection "a" as

---

[2]  The expungement statute's recent amendment did not change the language relevant to this appeal.  See L. 2019, c. 269.

one of the offenses that cannot be expunged. Next, the language in the parenthetical that follows the statutory citation includes conduct "causing the child other harm" without making any reference in that phrase to sexual conduct. A court is not to "presume that the Legislature intended something other than what it expressed in plain words." In re Plan for Abolition of the Council on Affordable Hous., 214 N.J. 444, 468 (2013). Where there is no ambiguity in the language of a statute, as is the case here, "a court's task is complete." Ibid. Petitioner was convicted under N.J.S.A. 2C:24-4(a) and a conviction under that statute can not be expunged.

Petitioner contends this result was not the intent of the Legislature. He argues that reference in the parenthetical to "causing the child other harm" was limited to other harm caused by sexual conduct. In N.T., we explained:

> [t]he phrases "who engages in sexual conduct which would impair or debauch the morals of a child" and "who causes the child harm that would make the child an abused or neglected child" are separated by a comma and the word "or" indicates they are disjunctive and refer to a list of two distinct harms.
>
> [N.T., ___ N.J. Super. ___ (slip op. at 8).]

Thus, we rejected petitioner's construction of the parenthetical.

A-0509-18T2

Petitioner argues that the expungement statute has always allowed the expungement of convictions for non-sexual harms. Petitioner cites to the statute before it was amended in 2016 as evidence of this intent.

Specifically, in 2004, when petitioner pleaded guilty, and until 2016, the statute provided:

> Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement . . . section 2C:24-4a. (Endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child)[.]
>
> [N.J.S.A. 2C:52-2(b) (1994).]

It did not include reference to "other harms." The language "causing the child other harm" was added in 2016. The committee statement accompanying the bill provided the purpose of the amendment was to "update, using the accepted current citation format, the statutory citations for the list of criminal convictions that are not subject to expungement; such updating does not add any additional crimes to this list[.]" Statement of the Senate Judiciary Comm. to A. 206, 471, 1663, 2879, 3060, and 3108 (May 7, 2015). Because the original parenthetical only referenced sexual conduct, petitioner argues the Legislature did not intend to expand the list of prohibited crimes when it amended the statute in 2016 to add "other harm" that was not sexual in nature.

A-0509-18T2

We rejected a similar argument in In re Expungement of W.S., 367 N.J. Super. 307, 312-13 (App. Div. 2004). W.S. concerned N.J.S.A. 2C:52-2(b)'s list of non-expungable offenses, specifically a conviction under "section 2C:14-2 (Aggravated Sexual Assault). . . ." Id. at 310. The statute prohibited expungement under N.J.S.A. 2C:14-2 without making a distinction between different degrees of the offense. It was the parenthetical that followed the statutory citation that gave rise to the question about the scope of the statute's prohibition. The issue in W.S. was "whether the parenthetical reference to 'aggravated sexual assault' following 'section 2C:14–2' in N.J.S.A. 2C:52–2(b) limit[ed] the violations of N.J.S.A. 2C:14–2 that [were] not subject to expungement to aggravated sexual assaults or [was it] simply an incomplete description of the offenses proscribed by N.J.S.A. 2C:14–2." Id. at 311. In W.S., we held the parenthetical that followed the statutory citation was "simply an incomplete and thus inaccurate description of this offense that does not limit the scope of the prohibition against expungement." Id. at 312-13.

Here, the expungement statute unequivocally states that offenses under subsection "a" of N.J.S.A. 2C:24-4 cannot be expunged. In 2004, when petitioner pleaded guilty, paragraph "a" of the child endangerment statute provided:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, <u>or who causes the child harm that would make the child an abused or neglected child as defined in R.S.9:6-1, R.S.9:6-3 and P.L.1974,</u> c. 119, s.1 (C.9:6-8.21) is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of [sixteen] is guilty of a crime of the third degree.
>
> [N.J.S.A. 2C:24-4(a) (2001) (emphasis added).]

At least since 1979, the statute has included reference in subsection "a" to "harm that would make the child an abused or neglected child." <u>L.</u> 1979, <u>c.</u> 178, §46. In 2013, the statute was amended. N.J.S.A. 2C:24-4(a)(1) now addresses "sexual conduct which would impair or debauch the morals of the child." N.J.S.A. 2C: 24-4(a)(2) addresses "harm that would make the child an abused or neglected child as defined in [specific sections of Title Nine]." Had the legislature intended to limit the expungement statute to sexual offenses only, it could have said so in the 2016 amendments because by then N.J.S.A. 2C:24-4(a) had been amended to create subsections (a)(1) and (a)(2). We observed in <u>N.T.</u> that "[t]he Legislature did not do so. We infer, through well-established law, that the omission was intentional." <u>N.T.</u>, ___ N.J. Super. ___ (slip op. at 9) (citing <u>Ryan v. Renny</u>, 203 N.J. 37, 58, (2010)).

We conclude that the expungement statute's parenthetical prior to 2016 was not intended to limit the scope of the prohibition against expungement to sexual conduct only. To read the expungement statute otherwise would be to limit the legislature's inclusion of subsection "a" to just a portion of that statute, despite the Legislature's longstanding inclusion in N.J.S.A. 2C:24-4(a) of sexual and non-sexual offenses.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                    A-0509-18T2