# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3493-18T1

IN THE MATTER OF THE
EXPUNGEMENT OF THE
CRIMINAL RECORDS OF
H.M.S.

_____

Submitted December 9, 2019 – Decided January 30, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. EXP-435-18.

Camelia M. Valdes, Passaic County Prosecutor, attorney for appellant (Christopher W. Hsieh, Chief Assistant Prosecutor, of counsel and on the brief).

Edward W. Martin, attorney for respondent.

PER CURIAM

On October 22, 2001, defendant H.M.S. pled guilty to death by auto, N.J.S.A. 2C:11-5; knowingly leaving the scene of a motor vehicle accident resulting in death, N.J.S.A. 2C:11-5.1; and hindering apprehension, N.J.S.A.

2C:29(b)(1).[1] She was later sentenced to an aggregate prison term of five years and ordered to pay monetary fines. H.M.S. was released from prison on March 24, 2006. After completing her parole, she satisfied all her fines by February 24, 2009.

Almost ten years later, in September 2018, H.M.S. petitioned the trial court to expunge her criminal record. The State opposed expungement of her conviction for knowingly leaving the scene of a motor vehicle accident resulting in death, arguing the offense did not qualify for expungement under N.J.S.A. 2C:52-2(b). The trial court disagreed, and on April 3, 2019, ordered expungement of all H.M.S.'s convictions for reasons set forth in its oral decision. The State appeals, reiterating its contention that under N.J.S.A. 2C:52-2(b), a conviction for knowingly leaving the scene of a motor vehicle accident resulting in death is ineligible for expungement.[2] We agree and reverse the court order expunging H.M.S.'s conviction for that offense.

---

[1] The charges of third-degree aggravated assault, N.J.S.A. 2C:12-1(b) (7), and fourth-degree tampering with evidence, N.J.S.A. 2C:28-6(1), were dismissed in accordance with the plea agreement.

[2] Although the State's notice of appeal references an appeal of the April 3, 2019 order, its merits brief only challenges the order's expungement of H.M.S.'s conviction for knowingly leaving the scene of a motor vehicle accident resulting in death. Accordingly, our decision is confined to that provision of the order.

A-3493-18T1

I

The Legislature's stated purpose in enacting N.J.S.A. 2C:52-2 was to

> provid[e] relief to the reformed offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby persistent violators of the law or those who associate themselves with continuing criminal activity have a regular means of expunging their police and criminal records.
>
> [N.J.S.A. 2C:52-32.]

The statute "serves 'to eliminate the collateral consequences imposed upon otherwise law-abiding citizens who have had a minor brush with the criminal justice system.'" In re Expungement of J.S., 223 N.J. 54, 66 (2015) (quoting In re Kollman, 210 N.J. 557, 568 (2012)). "The Legislature intended the statute to 'provid[e] relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity[.]'" Id. (alterations in original).

That said, N.J.S.A. 2C:52-2 provides certain crimes are barred from expungement. Relevant to this appeal, the statute's plain language states the following offenses are excepted from being expunged:

> . . . Records of conviction for the following crimes specified in the New Jersey Code of Criminal Justice shall not be subject to expungement: N.J.S.[A.] 2C:11-1 et seq. (Criminal Homicide), except death by auto as specified in N.J.S.[A.] 2C:11-5 and strict liability

3

> vehicular homicide as specified in section 1 of P.L.2017, c.165 (C.2C:11-5.3); . . .
>
> [N.J.S.A. 2C:52-2(b) (emphasis added).]

The court, however, decided not to apply the statute's plain language that a conviction for an N.J.S.A. 2C:11-1 to -6 offense, in particular H.M.S.'s conviction for N.J.S.A. 2C:11-5.1, was not eligible to be expunged. In its oral decision, the court stated the "single and most compelling argument" to allow expungement for knowingly leaving the scene of a motor vehicle accident resulting in death is that the offense is similar to leaving the scene of a boating accident resulting in death, N.J.S.A. 2C:11-5.2, which can be expunged under N.J.S.A. 2C:52-2b. The court determined the only difference between the accident-related offenses is one involves a motor vehicle and the other involves a boat. And since both offenses have virtually identical mens rea and elements, the court ruled it "can't see anything other than . . . — just a straight up omission on the part of the Legislature in that regard." Treating the offenses differently for purposes of expungement, would be unfair and a denial of equal protection under the law, according to the court.

The court further relied on State v. Valentin, 105 N.J. 14 (1987) (citing State v. Carbone, 38 N.J. 19 (1962)), for the proposition that while the facts relating to the two offenses are different, "[m]ore than one reasonable

interpretation could be made from statutory language and construction is drawn against the State for . . . vagueness in the statute has to favor the defendant against the State in this regard."  The court compared the remedy for vagueness in Valentin to "the absence of defect in excluding[,] or should [it] say[,] not specifically including [N.J.S.A. 2C:11-5.1] in the proof of homicide offenses for which expungement can be pursued."

The court rejected the State's argument that the omission of N.J.S.A. 2C:11-5.1 from the offenses that can be expunged under N.J.S.A. 2C:52-2(b) was a deliberate decision by the Legislature and not an oversight, even though the court realized the legislative history was silent on the issue.

II

We begin our analysis of the court's ruling by recognizing certain significant principles.  In determining the interpretation of a statute, our review is de novo.  State v. Frank, 445 N.J. Super. 98, 105 (App. Div. 2016).  It is well settled that a primary purpose of "statutory interpretation is to determine and 'effectuate the Legislature's intent.'"  State v. Rivastineo, 447 N.J. Super. 526, 529 (App. Div. 2016) (quoting State v. Shelley, 205 N.J. 320, 323 (2011)).  We start with considering "the plain 'language of the statute, giving the terms used therein their ordinary and accepted meaning.'"  Ibid.  And where "the

A-3493-18T1

Legislature's chosen words lead to one clear and unambiguous result, the interpretive process comes to a close, without the need to consider extrinsic aids." Ibid. Hence, "[c]ourts may not rewrite a plainly written law or presume that the Legislature intended something other than what it expressed in plain words." In re Plan for Abolition of the Council on Affordable Hous., 214 N.J. 444, 468 (2013). "If the language of a statute is clear, a court's task is complete." Ibid.

Applying these principles, we agree with the State that N.J.S.A. 2C:11-5.1, knowingly leaving the scene of a motor vehicle accident resulting in death, is ineligible for expungement under N.J.S.A. 2C:52-2(b) due to the plain language of the statute which provides no exception allowing for expungement of a conviction for violating N.J.S.A. 2C:11-5.1.

Contrary to the court's determination that the Legislature "omitted" N.J.S.A. 2C:11-5.1 from the expungement exceptions for criminal homicide statutes, the Legislature amended N.J.S.A. 2C:52-2(b) in: (1) 2010 to "broaden opportunities for expungement" as discussed in Kollman, 210 N.J. at 562; and (2) 2017 to create a new offense for strict liability for vehicular homicide in the Criminal Homicide section of the Code, N.J.S.A. 2C:11-5.3, and then, N.J.S.A. 2C:52-2(b) to include an exception for expungement for the new offense.

A-3493-18T1

Considering the Legislature is fully cognizant of its statutes, State v. Wright, 107 N.J. 488, 502 (1987) (citing Brewer v. Porch, 53 N.J. 167, 174 (1969)), we see no sound reason to conclude it "omitted" or forgot to include an exception to allow a conviction for N.J.S.A. 2C:11-5.1 to be eligible for expungement. In fact, given the statute's stated expungement bar for N.J.S.A. 2C:11-1 to -6 (Criminal Homicide) offenses except for N.J.S.A. 2C:11-5 and 2C:11-5.3, we find it illogical that the Legislature unintentionally omitted N.J.S.A. 2C:11-5.1 and -5.2, offenses which fall in sequence between the two excepted statutes.

Further, we reject H.M.S.'s argument that the parenthetical of "Criminal Homicide" describing N.J.S.A. 2C:11-1 to -6 in N.J.S.A. 2C:52-2(b) is not expressive as to whether N.J.S.A. 2C:11-5.1 is expungable. N.J.S.A. 2C:11-1 to -6 is titled the chapter of the Code on 'Criminal Homicide,' with the parenthetical merely reciting the chapter name to which N.J.S.A. 2C:11-5.1 is included. This follows suit with the remaining citations in N.J.S.A. 2C:52(b), as we recognized in In re Petition for Expungement of W.S., 367 N.J. Super. 307, 309 (App. Div. 2004), where the parenthetical for 'aggravated sexual assault' in the statute was inclusive of the lesser offenses of sexual assault in the statute because the parenthetical was "descriptive only." Accordingly, we agree with the State's reliance on W.S., where we stated:

when the Legislature intended to exclude a lesser degree of one of these enumerated offenses from the prohibition against expungement it directly expressed that intent by specifically 'except[ing] death by auto as specified in section 2C:11-5' from the prohibition against expungement. In sum, subject to one limited, specifically stated exception, N.J.S.A. 2C:52-2(b) prohibits the expungement of any conviction for homicide, . . . .[3]

[Id. at 313 (alteration in original).]

Last, we find no merit to H.M.S.'s argument that interpreting the plain language of N.J.S.A. 2C:52-2(b) to deny expungement of the offense of knowingly leaving the scene of a motor vehicle accident resulting in death leads to an absurd result. We see no reason to conclude this is an absurd result given our Legislature's clearly stated public policy decision not to allow the offense to be expunged. See Tasca v. Bd. of Trs., Police & Firemen's Ret. Sys., 458 N.J. Super. 47 (App. Div. 2019) ( holding we only look outside the plain language of a statute if "it [is] ambiguous . . . or leads to an absurd result," quoting Tumpson v. Farina, 218 N.J. 450, 467-68 (2014)). Moreover, we find nothing in the statute's legislative history to support the court's order.

---

[3] When W.S. was decided, N.J.S.A. 2C:52-2(b) did not contain the provision for "the strict crime as strict liability vehicular homicide as specified in [N.J.S. 2C:11-5.3,]" because it was amended in 2017 to include that language. Thus, only N.J.S.A. 2C:11-5 could be used as an example of a specified exception.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3493-18T1